UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OTIS BLAXTON,**

    **Plaintiff,**

v.                                                         **Case No: 8:24-cv-1973-MSS-AAS**

**HILLSBOROUGH COUNTY,**

    **Defendant.**

_____

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Dkt. 2), which the Court construes as a motion to proceed *in forma pauperis*. Also before the Court is Plaintiff's Complaint. (Dkt. 1) On October 15, 2024, United States Magistrate Judge Amanda Arnold Sansone took Plaintiff's Motion to Proceed *In Forma Pauperis* under advisement. (Dkt. 3) In the Order taking the Motion under advisement, Judge Sansone directed Plaintiff to file an amended complaint on or before September 30, 2024. (Id.) Judge Sansone warned that the failure to timely file an amended complaint could result in a recommendation of denial of the Motion to Proceed *In Forma Pauperis*. (Id.)

    It appeared Plaintiff failed to timely file an amended complaint, so, on October 15, 2024, Judge Sansone issued a Report and Recommendation that recommended

Plaintiff's Motion to Proceed *In Forma Pauperis* be denied and the Complaint be dismissed without prejudice. (Dkt. 5) Plaintiff timely filed an objection to Judge Sansone's Report and Recommendation in the form of a Motion for Reconsideration. (Dkt. 8)

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). Absent specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

In Plaintiff's Motion for Reconsideration, Plaintiff objects to Judge Sansone's Report and Recommendation because he mailed an amended complaint to the Court on September 23, 2024. (Dkt. 8) Indeed, the Court received Plaintiff's Amended

2

Complaint on October 24, 2024. (Dkt. 7) The mailing envelope is post-marked September 24, 2024. (Id.) The Court notes that between September 24 and October 24, 2024, two major hurricanes impacted the Tampa Bay area, resulting in disruptions to postal services as well as this courthouse's operations.

Due to the likelihood that Hurricanes Helene and Milton delayed the delivery of Plaintiff's Amended Complaint, the Court declines to dismiss the Complaint or deny the Motion to Proceed *In Forma Pauperis* on the basis that Plaintiff failed to timely file an amended complaint. For this reason, the Court does not adopt the Report and Recommendation, and Plaintiff's Motion for Reconsideration is due to be **GRANTED**.

On reconsideration, the Court finds that Plaintiff's Amended Complaint fails to state a cause of action for the same reasons Judge Sansone found the Complaint deficient. (Dkt. 3 at 4) As noted in the Report and Recommendation, to proceed *in forma pauperis*, the complaint must state a viable cause of action. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's failure to state a claim must result in the dismissal of the Amended Complaint and the denial of the Motion to Proceed *In Forma Pauperis*.

Upon consideration of the Report and Recommendation in conjunction with an independent examination of the file, including the Amended Complaint, (Dkt. 7), the Court is of the opinion the Report and Recommendation should be rejected to the extent it recommends dismissal of the Complaint and denial of the Motion to Proceed *In Forma Pauperis* on the basis that Plaintiff failed to timely file an amended complaint. However, the Court finds the Complaint and Amended Complaint are due to be

dismissed and the Motion to Proceed *In Forma Pauperis* is due to be denied for the reasons Judge Sansone stated in the Order taking Plaintiff's Motion under advisement. (Dkt. 3) The deficiencies were not cured in the Amended Complaint.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 5), is **REJECTED for the reasons herein stated**.

2. Plaintiff's Motion for Reconsideration, (Dkt. 8), is **GRANTED**. The Amended Complaint is deemed timely filed.

3. On reconsideration, Plaintiff's Motion to Proceed *In Forma Pauperis*, (Dkt. 2), is **DENIED**.

4. The Amended Complaint, (Dkt. 7), is **DISMISSED WITHOUT PREJUDICE**. On or before November 25, 2024, Plaintiff may file a second amended complaint to cure the deficiencies outlined in this Order and Judge Sansone's Order taking the Motion under advisement. If Plaintiff files a second amended complaint and still fails to state a claim for which relief can be granted, the matter will be dismissed with prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of November 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person